IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERT BRIGGS<br><br>Plaintiff<br><br>vs.<br><br>METRO PAVIA HEALTH SYSTEM d/b/a HOSPITAL DOCTOR TITO MATTEI; YAUCO HEALTHCARE CORPORATION; HOSPITAL METROPOLITANO DR. TITO MATTEI; DR. LOUIS M. CINTRON-ROURA, his wife JANE DOE and the conjugal partnership formed between them; DR. JUAN C. GUZMAN TENNANT, his wife JANE DOE II and the conjugal partnership formed between them; DR. EMILY MUNOZ SALANA, her husband JOHN DOE and the conjugal partnership formed between them; DR. AMILCAR MORALES PRADO, his wife JANE DOE III and the conjugal partnership formed between them; DR. GERMAN A. BURGOS FERRER, his wife JANE DOE IV and the conjugal partnership formed between them; COMPANIES A-Z; PETER POE; and MARY MOE.<br><br>Defendants | CIVIL NO.<br><br>PLAINTIFF DEMANDS JURY TRIAL |

## COMPLAINT

COME NOW plaintiffs, through the undersigned legal representation, and very respectfully STATE, REQUEST AND PRAY:

### JURISDICTIONAL ALLEGATIONS

1. This Honorable Court is vested with jurisdiction to entertain the instant cause of action based on the diversity statute (28 U.S.C. Sec. 1332 c) (2)) in as much as complete diversity of citizenship exists between plaintiffs and codefendants, as plaintiff is residents of a state other than Puerto Rico and an amount of no less than $75,000.00, exclusive of interest, attorney fees, and costs is in controversy. Plaintiffs request a jury trial.

Also, federal jurisdiction of plaintiffs' action is conferred by the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 USC § 1395. The jurisdiction of this Honorable Court is based on a violation of a Federal Law, hence Federal Jurisdiction exists pursuant to 28 USC § 1331. Plaintiffs hereby include a medical malpractice action under Article 1802 and 1803 of the Civil Code of Puerto Rico (31 LPRA § 5141 & 5142) and Articles 20.01 and 20.03 of the Insurance Code of Puerto Rico, 26 LPRA § 2001 & 2003, pursuant to the supplemental jurisdiction statute, 28 USC § 1367(a) inasmuch as all the allegations arise from a common nucleus of operative facts. Venue of this action properly lies in this Honorable Court pursuant to 28 USC section 1391.

2. Plaintiffs hereby demand jury trial.

## THE PARTIES

3. Plaintiff Robert Briggs (hereinafter to be referred to as "BRIGGS") is of legal age and a resident and domiciled of the City of Elmurst, County of DuPage, State of Illinois.

4. At all times relevant to the facts of this case, codefendants Metro Pavia Health System d/b/a Hospital Doctor Tito Mattei, Yauco Healthcare Corporation and Hospital Metropolitano Dr. Tito Mattei (hereinafter referred collectively as "HOSPITAL DR. TITO MATTEI") are legal entities that are the owners, administrators, shareholders and agents of a hospital institution with the same name located and with principal place of business in Yauco, Puerto Rico that offers medical services to the public. Among other departments and facilities, HOSPITAL DR. TITO MATTEI operated a 24-hour emergency department. EMTALA is applicable to codefendant HOSPITAL DR. TITO MATTEI.

5. Codefendant Dr. Luis M. Cintron-Roura (hereinafter referred to as "DR. CINTRON-ROURA") is a physician authorized to practice medicine in the Commonwealth of

Puerto Rico and for all purposes of this action is the legal representative of the conjugal partnership constituted with his spouse Jane Doe.

6. Dr. CINTRON-ROURA had medical privileges to practice medicine at and/or was an agent of codefendant HOSPITAL DR. TITO MATTEI and/or of Company A for the time relevant to this case. In the alternative, he was a contractor or employee of a contractor of HOSPITAL DR. TITO MATTEI and/or of Company A. Dr. CINTRON-ROURA is an emergency medicine physician with a medical office located at 673 Calle Luis A Morales, Estancias Del Golf, Ponce Puerto Rico.

7. Codefendant Dr. Juan C. Guzman Tennant (hereinafter referred to as "DR. GUZMAN") is a physician authorized to practice medicine in the Commonwealth of Puerto Rico and for all purposes of this action is the legal representative of the conjugal partnership constituted with his spouse Jane Doe II.

8. Dr. GUZMAN had medical privileges to practice medicine at and/or was an agent of codefendant HOSPITAL DR. TITO MATTEI and/or of Company A for the time relevant to this case. In the alternative, he was a contractor or employee of a contractor of HOSPITAL DR. TITO MATTEI and/or of Company A. Dr. GUZMAN is an emergency medicine physician with a medical office located at 46 Salvado Brau, Cabo Rojo, Puerto Rico.

9. Codefendant Dr. Emily Munoz Salana (hereinafter referred to as "DR. MUNOZ SALANA") is a physician authorized to practice medicine in the Commonwealth of Puerto Rico and for all purposes of this action is the legal representative of the conjugal partnership constituted with her spouse John Doe.

10. Dr. MUNOZ SALANA had medical privileges to practice medicine at and/or was an agent of codefendant HOSPITAL DR. TITO MATTEI and/or of Company A for the time

relevant to this case. In the alternative, he was a contractor or employee of a contractor of HOSPITAL DR. TITO MATTEI and/or of Company A. Dr. MUNOZ SALANA is an emergency medicine physician with a medical office located at 108 Calle Munos Rivera, Cabo Rojo, Puerto Rico.

11. Codefendant Dr. Amilcar Morales Prado (hereinafter referred to as "DR. MORALES PRADO") is a physician authorized to practice medicine in the Commonwealth of Puerto Rico and for all purposes of this action is the legal representative of the conjugal partnership constituted with his spouse Jane Doe III.

12. Dr. MORALES PRADO had medical privileges to practice medicine at and/or was an agent of codefendant HOSPITAL DR. TITO MATTEI and/or of Company A for the time relevant to this case. In the alternative, he was a contractor or employee of a contractor of HOSPITAL DR. TITO MATTEI and/or of Company A. Dr. MORALES PRADO is an emergency medicine physician with a medical office located at 108 Calle Munoz Rivera, Cabo Rojo,Puerto Rico.

13. Codefendant Dr. German A. Burgos Ferrer (hereinafter referred to as "DR. BURGOS FERRER") is a physician authorized to practice medicine in the Commonwealth of Puerto Rico and for all purposes of this action is the legal representative of the conjugal partnership constituted with his spouse Jane Doe IV.

14. Dr. BURGOS FERRER had medical privileges to practice medicine at and/or was an agent of codefendant HOSPITAL DR. TITO MATTEI and/or of Company A for the time relevant to this case. In the alternative, he was a contractor or employee of a contractor of HOSPITAL DR. TITO MATTEI and/or of Company A. Dr. BURGOS FERRER is an

emergency medicine physician with a medical office located at #5 Street, F-8, Urb Hill View, Yauco, Puerto Rico.

15. Companies A-Z are legal entities that at the times relevant to these facts owned, operated, managed, and/or administered, in whole or in part, and were solely or partially responsible for the administrative and medical issues of any of the codefendant medical entities to provide all or part of the medical and/or administrative services. In the alternative, they are other legal entities that caused or contributed to causing the damages to plaintiffs. Also, and in the alternative, they are insurance companies which at the time the facts of this case took place had in full force and effect insurance policies in favor of codefendants.

16. Codefendants Peter Poe and Mary Moe are other physicians employed by or that had been granted privileges by any of codefendants, who committed EMTALA violations and/or negligent acts or omissions that caused and/or contributed to causing plaintiffs damages. In the alternative, they are third parties and/or defendants of unknown identities who caused and/or contributed to causing plaintiffs' damages.

17. All of the named defendants are jointly and severally responsible to plaintiffs for the damages caused to them. All defendants fictitiously named herein, will be correctly named once their identities are determined.

## GENERAL COMMON ALLEGATIONS

18. At all times material the co-defendants Metro Pavia Health System d/b/a Hospital Doctor Tito Mattei, Yauco Healthcare Corporation and Hospital Metropolitano Dr. Tito Mattei owned and/or operated, Hospital Metropolitano Dr. Tito Mattei in Yauco, Puerto Rico.

19. At all times material the co-defendants Metro Pavia Health System d/b/a Hospital Doctor Tito Mattei, Yauco Healthcare Corporation and Hospital Metropolitano Dr. Tito Mattei

owned and/or operated, the emergency department at Hospital Metropolitano Dr. Tito Mattei in Yauco, Puerto Rico.

## THE FACTS

### A. January 15, 2013

20. On January 15, 2013 at approximately 11:58 a.m., BRIGGS was admitted to the emergency department at HOSPITAL DR. TITO MATTEI under the care of Defendant Dr. CINTRON-ROURAS.

21. During the time BRIGGS was at HOSPITAL DR. TITO MATTEI on January 15, 2013, he was attended to by Defendants Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA and Dr. MORALES PRADO as well as codefendants Peter Poe and Mary Moe.

22. BRIGGS was in his usual state of health until January 15, 2013 when he was taken to the emergency room at HOSPITAL DR. TITO MATTEI with the chief complaint and history that he arrived via ambulance after a 100 foot dive and he complained of shortness of breath and numbness of the upper and lower extremities.

23. Defendants HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA and/or Dr. MORALES PRADO examined BRIGGS on January 15, 2013, suspected decompression sickness (pressure gas emboli) and ordered a series of diagnostic tests.

24. After a physical examination of BRIGGS was completed on January 15, 2013, the diagnostic impression was shortness of breath and "rule out pressure gas emboli."

25. HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, and Dr. MORALES PRADO, and each of them, suspected that BRIGGS' complaints and symptoms were from decompression sickness, also known as arterial gas

embolism, or "the Bends."

26. On January 15, 2013, no oxygen was administered to BRIGGS by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

27. On January 15, 2013, no intravenous fluids or intravenous medications were administered to BRIGGS by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

28. On January 15, 2013, no detailed neurologic examination was performed on BRIGGS by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

29. On January 15, 2013, no medical treatment for decompression sickness or arterial blood gas embolism was provided to BRIGGS by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

30. On January 15, 2013, no recompression therapy was arranged, provided for or suggested to BRIGGS by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

31. On January 15, 2013, no emergency medical transfer to a medical facility with a hyperbaric chamber was arranged, provided for or suggested to BRIGGS by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

32. On January 15, 2013, BRIGGS was not asked to attempt to void his urine or empty his bladder by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO before being discharged.

33. The final diagnosis was "shortness of breath" and Mr. Briggs was discharged at 6:30 p.m.

34. At the time of BRIGGS' discharge, the suspected condition of "pressure gas emboli" was never safely ruled out by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

35. At the time of discharge, BRIGGS was not given any instructions specifically related to symptoms of decompression sickness by HOSPITAL DR. TITO MATTEI, Dr. CINTRON-ROURAS, Dr. MUNOZ SALANA, or Dr. MORALES PRADO.

36. In the hours after his discharge from HOSPITAL DR. TITO MATTEI on January 15, 2013, BRIGGS experienced urinary retention, malaise and dull muscle pain in his upper and lower extremities.

### B. January 16, 2013

37. On January 16, 2013 at approximately 12:20 a.m., BRIGGS presented to and was again admitted to the emergency department at HOSPITAL DR. TITO MATTEI under the care of Defendant Dr. GUZMAN TENNANT and Dr. BURGOS FERRER.

38. During the time BRIGGS was at HOSPITAL DR. TITO MATTEI on January 16, 2013, he was attended to by Defendants Dr. GUZMAN TENNANT and Dr. BURGOS FERRER as well as codefendants Peter Poe and Mary Moe.

39. BRIGGS' arrived at the emergency room on January 16, 2013 with the chief complaint and history of "urinary retention and dull muscle pain of various hours of evolution after a dive this morning" and "malaise."

40. On January 16, 2013, HOSPITAL DR. TITO MATTEI, Dr. GUZMAN TENNANT and Dr. BURGOS FERRER's diagnostic impression was "The Bends."

41. On January 16, 2013, HOSPITAL DR. TITO MATTEI, Dr. GUZMAN TENNANT and Dr. BURGOS FERRER ordered some diagnostic tests and arranged for a medical transport of BRIGGS to Centro Medico Rio Piedras for treatment of decompression sickness with a hyperbaric chamber.

42. BRIGGS' transport to Centro Medico was not accomplished until approximately 6:30 a.m. on January 16, 2013.

43. There was a several hour delay in transporting BRIGGS from HOSPITAL DR. TITO MATTEI to Centro Medico.

44. While at Centro Medico Hospital, BRIGGS received decompression sickness treatment that was insufficient, inappropriate, untimely and otherwise not in compliance with the standard of medical care at that time. The medical providers and doctors at Centro Medico Hospital deviated the standard of medical care and committed medical malpractice in the treatment of BRIGGS' decompression sickness. Each Defendant herein is liable and responsible for the damages to the Plaintiff caused by the subsequent medical negligence of the medical providers and doctors and Centro Medico.

## FIRST CAUSE OF ACTION
## THE EMTALA VIOLATION

45. The allegations contained in the preceding paragraphs are adopted by reference as they may be applicable and as fully reproduced herein.

46. The exclusive and proximate cause of the damages claimed herein is the breach of duties of defendants and violations of law as extolled heretofore. If it not were for said breach of duties, plaintiffs' damages would not have occurred. Codefendants HOSPITAL DR. TITO MATTEI is a medical facility that falls within the realm of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 USC § 1395dd. In a clear violation of EMTALA, said

codefendant a) bade farewell and refused to receive the patient even upon first-hand knowledge of the patient's evident and documented signs of decompression sickness and unstable medical condition; b) failed to receive the patient and to promptly stabilize the patient's emergency medical condition; c) refused to admit and provide emergency treatment to BRIGGS, a patient with a serious emergency medical condition, based solely on the wrongful presumptive diagnosis of shortness of breath; d) refused to promptly and timely transfer BRIGGS to a medical institution that could treat the serious medical condition and that had a hyberbaric chamber for treatment of decompression sickness despite suspecting that BRIGGS had aterial blood gas emboli; e) "dumped" BRIGGS for economic reasons because he had no medical insurance acceptable to the hospital; and e) provided "disparate treatment" to BRIGGS.

## SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS-MEDICAL MALPRACTICE

47.     The allegations contained in the preceding paragraphs are adopted by reference as they may be applicable and as fully reproduced herein.

48.     All codefendants provided substandard medical treatment to BRIGGGS that caused and/or contributed to causing the damages to plaintiffs. The medical treatment that codefendants provided to BRIGGS fell well below the standards of medical attention that in view of the modern means of communication and, according to the knowledge of science and the prevailing practice of medicine satisfies the requirements generally recognized by the medical profession. Specifically, codefendants a) failed to timely initiate medical treatment for suspected decompression sickness; b) failed to timely administer oxygen, IV fluids and medication; c) failed to initiate anti-platelet and/or steroid therapy; d) failed to conduct a detailed neurological examination; e) failed to conduct certain tests to diagnose decompression sickness; f) failed to conduct a complete and detailed physical examination; g) failed to completely and accurately

document all pertinent history, symptoms, examination findings, test results, diagnoses and other information in the medical chart; h) failed to consult with a dive medicine specialists or decompression sickness specialist; i) failed to diagnose decompression sickness; j) failed to ensure the patient could properly empty his bladder prior to discharge; k) failed to timely transfer him to a facility that could promptly administer recompression therapy with a hyperbaric chamber; l) failed to arrange for a prompt transfer to the medical facility with the hyperbaric chamber without needless delay, and; m) failed to properly communicate with the receiving medical facility concerning the patient's signs, symptoms and requirements for decompression therapy.

49. Each Defendant, including METRO PAVIA HEALTH SYSTEM d/b/a HOSPITAL DOCTOR TITO MATTEI; YAUCO HEALTHCARE CORPORATION; HOSPITAL METROPOLITANO DR. TITO MATTEI; DR. LOUIS M. CINTRON-ROURA, DR. JUAN C. GUZMAN TENNANT, DR. EMILY MUNOZ SALANA, DR. AMILCAR MORALES PRADO, DR. GERMAN A. BURGOS FERRER, COMPANIES A-Z; PETER POE; and MARY MOE, incurred in medical and/or hospital malpractice and gross negligence in the diagnosis, treatment and monitoring of BRIGGS as described herein. Defendant HOSPITAL DR. TITO MATTEI is also liable under Article 1803 of the Civil Code of Puerto Rico and under the doctrine of apparent authority.

## DAMAGES

50. Plaintiff repeats in their entirety all previous paragraphs.

51. The proximate cause of BRIGGS' damages is the fault, gross negligence, violations of EMTALA, and the medical and hospital malpractice of each defendant as set forth herein, for which the defendants are jointly liable to the Plaintiff.

52. The proximate and sole cause of plaintiffs' damages was the violations to EMTALA and the combined medical and individual negligence of defendants. As a direct consequence of said violations and substandard medical treatment, there was an unnecessary delay in properly treating BRIGGS' decompression sickness. The delay in treating BRIGGS' decompression sickness caused him severe neurologic injury and he experienced extreme physical and emotional pain. His pain and anguish are valued in a sum of no less than One Million Dollars ($1,000,000.00).

53. As additional direct consequences of said violations and substandard medical treatment, the delay in treating BRIGGS' decompression sickness caused him severe neurologic injury and he incurred and will continue to incur in significant medical expenses, lost the ability to work and lost the ability to enjoy life. These losses are valued in a sum no less than One Million Dollars ($1,000,000.00).

54. Plaintiff request that this Court enter Judgment against defendants, jointly, as follows:

    a. For general and moral damages, including medical expenses, lost wages, pain and suffering, disability, loss of a normal life, physical and emotional distress, according to proof, to the Plaintiff in the amount not less than TWO MILLION DOLLARS ($2,000,000.00);

    b. Interest on damages as permitted by law;

    c. Plaintiff's costs of suit and attorneys' fees incurred herein due to the obstinacy of the defendants;

    d. Treble damages;

    e. Such other relief as the Court deems just and proper under the law.

WHEREFORE, it is respectfully requested from this Honorable Court to grant all allegations in this complaint for plaintiffs and against defendants with the imposition of costs, treble damages, interest and a reasonable amount of attorney's fees.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico, this 14th day of January, 2014.

PEDRO F. SOLER-MUÑIZ
USDC/PR NO. 212,909
ATTORNEY FOR PLAINTIFF
221 AVE. PONCE DE LEÓN
SUITE 601
SAN JUAN, PR 00917
TEL. 774-6522; FAX.706-8680
psoler@solerlaw.com

MARK T. SCHNEID
*Pro Hac Vice Pending*
ATTORNEY FOR PLAINTIFF
LAW OFFICES OF MATHYS & SCHNEID
1730 PARK STREET, SUITE 209
NAPERVILLE, ILLINOIS 60563
TEL (630) 428-4040; FAX (630) 428-0044
mts@mathyslaw.com

DAVID G. SIGALE
*Pro Hac Vice Pending*
ATTORNEY FOR PLAINTIFF
LAW FIRM OF DAVID G. SIGALE, P.C.
739 ROOSEVELT ROAD, SUITE 304
GLEN ELLYN, ILLINOIS 60137
TEL (630) 452-4547; FAX (630) 596-4445
dsigale@sigalelaw.com